UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JAMES E. GARRETT, SANDRA A. GARRETT, LEVI E. GARRETT, <br><br> Plaintiffs, <br><br> vs. <br><br> RONALD STOCK, KRISTIN K. STOCK, <br><br> Defendants. | 3:22-CV-03003-RAL <br><br><br> ORDER DENYING MOTION FOR CONTINUANCE |

Plaintiff Levi E. Garrett filed a Motion for Continuance in Evidentiary Hearing / Trial. Doc. 65. This Court entered an Order Setting Jury Trial and Pretrial Deadlines on April 25, 2025, setting a jury trial on the remaining claims in this case for Thursday, August 21, 2025, with the pretrial conference and motion hearing to be held on August 20, 2025. Levi Garrett lists several grounds for a continuance, including the need for legal counsel, the need for evidence, and the health issues of James E. Garrett and Sandra A Garrett.

"Motions for continuances are addressed to the sound discretion of the court and rulings upon such motions are reversible only upon showing abuse of discretion." Temple v. Mercier, 127 F.4th 709, 716 (8th Cir. 2025) (citation omitted). "Litigants do not have an absolute right to continuances to prepare for trial or to obtain counsel." Schooley v. Kennedy, 712 F.2d 372, 374 (8th Cir. 1983) (per curiam). The Garretts filed their complaint over three years ago on January 28, 2022. At the time, the Garretts were represented by Michael Beardsley. Beardsley withdrew from the case on February 22, 2025, because Beardsley and the Garretts could not agree on a

course of action and because the Garretts wished to seek other counsel. Doc. 40. Levi states that the Garretts have been unable to obtain new counsel because they lack access to records held by James P. Hurley, an attorney who drafted documents between the parties and who represented James and Levi in a different action, USA v. James Garrett & Levi Garrett, 3:23-cv-03007-RAL, (D.S.D. 2023). The Garretts in that case informed this Court on January 30, 2025, that Hurley notified them that due to profound health problems Hurley had stopped practicing law and no longer is a member of the State Bar of South Dakota. Thus, the Garretts have had nearly eight months to obtain records from Hurley that they believed might be relevant to this case. An additional continuance does not appear to increase the chance the Garretts acquire what they have been unable to obtain for the last eight months. See Temple, 127 F.4th at 716 ("When litigation has been pending for years and the parties have had ample notice of trial, it is difficult to demonstrate an abuse of discretion by the district court in denying a motion for continuance."). Notably, the remaining issue for trial is very narrow and does not require extensive documentation to defend.

This Court is also very familiar with James Garrett's health issues, having sentenced him in a criminal case, and is willing to allow frequent breaks for him or other appropriate accommodations he might need. The Garretts live close to Pierre, South Dakota, where the trial will be. This Court has previously extended deadlines for the Garretts, and the health issues of James and Sandra appear to be progressive and unlikely to improve during any additional continuance. See Peter Kiewit Sons' Inc. v. Wall Street Equity Grp., Inc., 809 F.3d 1018, 1022 (8th Cir. 2016) (holding that the district court did not abuse its discretion by denying motion to continue hearing on damages where the court "was given no credible evidence that the problems

could be resolved within any concrete time frame, nor any reason why such a time frame could not be determined").

For the reasons above, it is

ORDERED that the Motion for Continuance in Evidentiary Hearing / Trial, Doc. 65, is denied.

DATED this 18th day of August, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE