UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JAMES E. GARRETT, SANDRA A. GARRETT, LEVI E. GARRETT,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD STOCK, KRISTIN K. STOCK,<br><br>Defendants. | 3:22-CV-03003-RAL<br><br><br>ORDER ON MOTIONS IN LIMINE |

In advance of a jury trial set to begin on August 21, 2025, Defendants and Counterclaim Plaintiffs Ronald Stock and Kristin K. Stock (Stocks) filed their Motions in Limine, Doc. 60. On August 20, 2025, this Court held a hearing and heard argument on those motions. James E. Garrett, Sandra A. Garrett and Levi Garrett, who are proceeding pro se and had notice of the pretrial conference, have not opposed the Stocks' motion in limine. This Court now grants those motions in limine.

I.  **Standard on Motions in Limine**

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction.

Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain from this Court a contrary ruling.

## II.     The Stocks' Motions in Limine

### 1. Claims that the Stocks Frustrated the Garretts' Ability to Pay Rent on Time

Under subpart one, the Stocks moved this Court to prevent the Garretts from "claiming, alluding to, or raising the issue that the Stocks frustrated their ability to pay rents by failing to establish an escrow account, prepaying loan payments, or any other means." Doc. 60 at 3. The Stocks argue that such evidence is irrelevant, and its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time. The Garretts have made no argument that they are entitled to some offset or rent reduction as a result. This part of the Stocks' Motion in Limine is granted, subject to being revisited if the Garretts can show relevance of conduct of the Stocks meriting some offset to the rent.

### 2. Claims that the Stocks Breached Agreements by Settling a Fenceline Dispute

Under subpart two, the Stocks moved this Court to exclude any evidence relating to the Stocks' settlement of a fence line dispute with a neighbor. Doc. 60 at 4. The Stocks assert that the issue was resolved in state court proceedings with a verdict returned in favor of the Stocks on

the issue. The Stocks also argue that such evidence is irrelevant, and its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.

In January 2022, the Garretts filed this lawsuit, claiming that settling of a fence line dispute deprived the Garretts of part of the land, removed the property's gates, and destroyed the property's fence constituting a breach of contract.¹ Doc. 1. Meanwhile, the Stocks brought a forcible entry and detainer claim against the Garretts in state court alleging a violation of the Lease Agreement because the Garretts did "not timely pa[y] rent, and [are] delinquent to [the Stocks], for the years of 2021 and 2022." Doc. 30-8 ¶¶ 6–8. The Stocks prevailed on the forcible entry and detainer claim in state court. Doc. 32 ¶ 22. The state court jury must have rejected the Garretts' claim of material breach by the Stocks in returning a verdict for the Stocks. Doc. 33-5. Under principles of res judicata, this Court ruled that the state litigation established that the Garretts materially breached the agreements by failing to timely pay the amounts required in the Real Estate Purchase Agreement, Farm Lease Agreement, and Escrow/Closing Agreement, thus excusing the Stocks from thereafter performing their duties outlined in those contracts. Accordingly, this Court entered summary judgment on Counts I, II, III, and IV of the Garretts' Complaint in favor of the Stocks. Because the issue of whether the Stocks breached the agreements by settling the fenceline dispute was resolved in favor of the Stocks, it appears to be irrelevant to the issue of damages on the Stocks' counterclaim against the Garretts. Thus, subpart two of the Stocks' motion in limine is granted. Any evidence relating to the Stocks' settlement of a fence line dispute with a neighbor is

---

¹ The Garretts' fraudulent inducement claim likewise relates to the contractual promise that the Stocks would not interfere with the Garretts' use of the property. Doc. 1 ¶ 29 ("[T]he Defendant [sic, presumably meaning both defendants] specifically indicated to Plaintiff [sic, likely meaning Plaintiffs] that they would not interfere with the Plaintiffs' rights to use the property . . . ").

excluded, unless the Garretts during trial outside the hearing of the jury can convince this Court otherwise.

### 3. Stocks' Intentions Regarding Disposition of the Land

Under subpart three, the Stocks moved this Court to exclude any evidence relating to how the Stocks may intend to dispose of the land. Doc. 60 at 4. The Stocks argue that such evidence is irrelevant, and its probative value is substantially outweighed by the risk of unfair prejudice. This Court agrees. The Stocks' future intentions regarding the land are irrelevant to what amount, if any, the Garretts owe under the agreements.

### 4. Offers Made in Mediation or Settlement Negotiations

Under subpart four, the Stocks moved this Court to exclude any evidence or testimony regarding any offers made during settlement discussions or mediation. The Stocks argue that such evidence is inadmissible under Federal Rule of Evidence 408 and South Dakota's Uniform Mediation Act. Rule 408 precludes settlement discussions and offers from being admitted at trial to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. Thus, subpart four is granted to the extent any evidence or testimony regarding any offers made during settlement discussions or mediation is offered to prove or disprove the validity or amount of a disputed claim.

### 5. Golden Rule

Under subpart five, the Stocks moved this Court to prevent the Garretts from making reference to or use of "golden rule arguments." Doc. 60 at 5–6. "A Golden Rule argument asks the jury to place itself in the defendant's position." Lovett ex rel. Lovett v. Union Pacific R. Co., 201 F.3d 1074, 1083 (8th Cir. 2000). Golden rule arguments are "universally condemned because [they] encourage[] the jury to depart from neutrality and to decide the case on the basis of personal

interest and bias rather than on the evidence." Id. (cleaned up and citation omitted). Such arguments are routinely excluded from evidence. See Trevino v. Carolina Cargo Freight Expediters, LLC, No. 4:22-cv-00225, 2024 WL 5682042, at *4 (S.D. Iowa Jan. 25, 2024) (prohibiting parties from advancing golden rule arguments at trial); Rochelle v. Ulrich, No. 4:20-cv-4043, 2022 WL 3355036, at *1 (W.D. Ark. Aug. 12, 2022) (same); Kingman v. Joseph, No. 3:18-cv-155, 2021 WL 2336949, at *1 (E.D. Ark. June 8, 2021) (same). Accordingly, subpart five of the Stocks' Motions in Limine is granted.

### 6. Garretts' Pro Se Status

Under subpart six, the Stocks moved to prevent the Garretts from using their pro se status to argue a power disparity, seek juror sympathy, or imply the process was unfair. The Stocks argue such evidence is irrelevant and unfairly prejudicial. The Garretts' "pro se status does not make any fact of consequence . . . more or less probable." Pozeck v. Menards, Inc., No. 20-CV-77, 2021 WL 7185230, at *4 (N.D. Iowa Dec. 20, 2021) (citing Fed. R. Evid. 401–402). "Even if relevant, evidence of pro se status may cause unfair prejudice to the opposing party, by tempting the jury to decide [damages] based solely on [counterclaim defendants'] 'underdog' status." Id. (citing Fed. R. Evid. 403). Accordingly, subpart six of the Stocks' Motions in Limine is granted.

### III. Order

Therefore, for good cause, it is hereby

ORDERED that the Stocks' Motions in Limine, Doc. 60, is granted as set forth in this order.

DATED this 21st day of August, 2025.

                                          BY THE COURT:

                                          ROBERTO A. LANGE
                                          CHIEF JUDGE