UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JAMES E. GARRETT, SANDRA A. GARRETT, LEVI E. GARRETT,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD STOCK, KRISTIN K. STOCK,<br><br>Defendants. | 3:22-CV-03003-RAL<br><br><br>OPINION AND ORDER DENYING MOTION TO STAY JUDGMENT |

On August 26, 2025, following and consistent with the outcome of a jury trial, this Court entered Judgment in favor of Defendants Ronald Stock and Kristin K. Stock and against Plaintiffs James E. Garrett, Sandra A. Garrett, and Levi E. Garrett. Doc. 85. Levi Garrett and James Garrett each filed notices of appeal of the Judgment. Docs. 91, 96. The Garretts filed a Motion to Stay Judgment during the pendency of the appeal. Doc. 88. The Stocks oppose the Garretts' Motion to Stay Judgment. Doc. 99. This Court denies the Garretts' Motion to Stay Judgment, Doc. 88.

I.   Facts

On August 21, 2025, a jury trial was held to determine the amount of damages, if any, the Garretts owed the Stocks for breach of a lease agreement.[1] See Doc. 79. The Garretts chose not to attend the pretrial conference or the jury trial. See Docs. 69, 79. The Stocks presented evidence,

---

[1] The Stocks moved for partial summary judgment on liability under the contract, which this Court granted based on res judicata. Docs. 27, 36, 55.

1

including three witnesses, and rested their case. Doc. 79. The jury returned a verdict in favor of the Stocks and against the Garretts in the amount of $1,428,001.91. Doc. 77.

On August 26, 2025, this Court entered Judgment in favor of the Stocks and against the Garretts in the amount of $1,941,774.93, which included prejudgment interest on what the jury had awarded. Doc. 85. The Garretts now seek to stay collection of the judgment during the pendency of the appeal. Docs. 88, 91, 96.

## II.     Discussion and Analysis

Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The United States Court of Appeals for the Eighth Circuit has stated:

> In determining whether to issue a stay pending appeal, we consider four factors: (1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest. The most important factor is likelihood of success on the merits, although a showing of irreparable injury without a stay is also required.

Org. for Black Struggle v. Ashcroft, 978 F.3d 603, 607 (8th Cir. 2020) (cleaned up and citations omitted).

The Garretts have not provided any bond or other form of security for the stay during the pendency of an appeal. A "bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

> The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as

2

> where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

Skrovig v. BNSF Ry. Co., No. Civ. 10-4022, 2012 WL 2505749, at *2 (D.S.D. June 28, 2012) (quoting Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760–61 (D.C. Cir. 1980)).

The Garretts' assertion that the Judgment will "bankrupt" them and the lack of a bond or other security weigh in favor of denying the motion. See Doc. 88 at 2. In addition to the $1.9 million judgment in this case, the United States was recently awarded a judgment against Levi Garrett and James Garrett totaling more than $4 million. See United States v. Garrett, No. 3:23-CV-03007-RAL, 2025 WL 1994396, at *7 (D.S.D. July 17, 2025). The Garretts also still owe substantial restitution stemming from their criminal convictions. See United States v. Garrett, 3:21-cr-30091-RAL, Docs. 162, 163. A stay without adequate security would put the Stocks at a disadvantage to other creditors of the Garretts and endanger their chances of ultimately collecting on the Judgment. Even if the Garretts did provide some bond or other security, the factors set forth in Eighth Circuit case law weigh against granting the stay. See Org. for Black Struggle, 978 F.3d at 607.

The Garretts contend they "raise[] substantial legal questions that are likely to be decided in [their] favor on appeal," but they do not provide any substance or analysis of what those questions are. Doc. 88 at 2. The Garretts assert they intend to appeal this Court's ruling because "the legal reasoning was erroneous and a finding of fact [] [was] not supported by the evidence." Id. The Garretts, however, do not explain what ruling they think was erroneous, let alone explain how the ruling was erroneous. Similarly, the Garretts do not specify what finding of fact allegedly

3

was not supported by evidence. Indeed, the Judgment is the result of a jury verdict, which was entered after the jury deliberated upon evidence presented to it. The Garretts have not demonstrated a likelihood of success on the merits.

The Garretts argue that they will suffer irreparable harm if a stay is not granted. Id. The Garretts assert the Judgment will bankrupt them and will force them to cease operations on their 143-year-old family farm. Id. The Garretts, however, fail to provide this Court with any evidence of their financial situation or ongoing family farm operation. Indeed, the only evidence in the record regarding the Garretts' family farm is their sale of land to the Stocks and their breach of a lease agreement regarding that land, which terminated in 2022. See Doc. 55 at 4; Stock v. Garrett, 17 N.W.3d 848, 863 (S.D. 2025). The Garretts have not demonstrated that they face an irreparable injury if the stay is not granted.

The Garretts contend that a stay will not cause substantial harm to the Stocks. The Garretts argue that because the Stocks did not file any response to the Garretts' Motion for a Continuance, the Stocks cannot be harmed. Doc. 88 at 3. The Stocks, however, did oppose the Garretts' Motion for a Continuance at the pretrial conference. Doc. 87 at 5. The Garretts may not be aware of this fact because they chose not to attend the pretrial conference. See Doc. 69. Regardless, the Stocks have a genuine concern of the feasibility of being able to collect on the Judgment, which is supported by the Garretts' own assertion that the Judgment will "bankrupt" them. The Stocks do face some harm if the Motion to Stay Judgment is granted, especially without the Garretts providing any bond or other form of security.

The public interest weighs in favor of denying the stay without adequate security. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Skrovig, 2012 WL 2505749, at *5 (quoting Poplar Grove, 600

F.2d at 1190–91). The public interest favors the Garretts timely paying the debts they owe. The Garretts have not satisfied their burden of proof to justify staying the Judgment.

### III. Conclusion

For the reasons explained above, it is

ORDERED that the Garretts' Motion to Stay Judgment, Doc. 88, is denied.

DATED this 20th day of October, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE